# CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of Eva Clark

   FI 2006-936 & CL 2006-6761

In re Estate of Edward Cynar

   FI 2007-2070 & CL 2007-14878

In re Estate of Jeanne Drakulich

   FI 2004-73324 & CL 2011-12329

In re Estate of Frances Gambaro

   FI 2009-1400 & CL 2009-11004

In re Estate of Arcadius Hakim

   FI 2006-1005 & CL 2006-6463

In re Estate of Wallace C. Love

   FI 2007-1152 & CL 2007-8950

In re Estate of Herta Schofield

   FI 2009-407 & CL 2009-1667

March 14, 2012

By Judge Leslie M. Alden

This matter came before the Court on the Reports of the Commissioner of Accounts filed by the Commissioner of Accounts, John H. Rust, Jr. ("Commissioner") in the above-referenced cases, on the Exceptions to the Reports of the Commissioner of Accounts filed by Needham, Mitnick & Pollack, P.L.C. ("NMP"), and upon the Consolidated Report and Recommendations of the Guardian *ad Litem*, filed by Aaron S. Book ("GAL"). After considering the written briefs, the facts as described in the Exceptions, the evidence presented at the trial, and case law, the Court concludes that the following legal principles will apply in the resolution of the above-referenced cases.

(1) The Court and the Commissioner have the authority to determine the reasonableness of fees charged by the Guardian and Conservator. Further, the orders in these cases that allow the Guardian/Conservator to charge its usual hourly rate for professional services does not authorize it to charge unreasonable fees for the provision of such services.

As stated in the Report of the GAL, NMP has now agreed that the Commissioner has the authority to review the fees charged in the unapproved accountings for reasonableness, even where there is an order in place allowing NMP to charge its usual hourly rate for professional services. The Court finds this consistent with the statutory authority found in § 26-30 of the Code of Virginia, which directs the commissioner to allow the fiduciary reasonable expenses and reasonable compensation and thus contemplates that the Commissioner has the authority to review the fees to determine whether they are reasonable.

The issue has been raised as to whether the Commissioner is constrained from reviewing payments made to a fiduciary once the accounting has been approved. The statutory authority for the Commissioner, on his own motion, to revisit an accounting that has already been approved is unclear and is not the primary concern of the Court at this time. However, as a general rule, the Court assumes without deciding that the Commissioner is a quasi-judicial officer who is not estopped from raising legitimate questions about the propriety of an accounting that have not been previously raised. *See In re Trustee's Sale of the Property of Willie Brown*, 67 Va. Cir. 204 (City of Norfolk 2005). This is particularly true while the matter remains pending before the Commissioner.

(2) In order to determine the reasonableness of fees charged by the Guardian/Conservator, the fees charged must be identified and separated into legal fees, trustee fees (if applicable), conservator fees, and guardian fees.

In all of these cases, NMP served in the dual role of guardian and conservator, and, in the Hakim case, NMP served as a trustee as well. Each of these is a distinct role with different responsibilities. The billing

statements provided by NMP do not identify which of the services were being performed for each role. This identification is necessary in order to determine whether the fees charged were reasonable under the circumstances. The guidelines for the trustee and conservator fees are established in the Court's Fiduciary Compensation Schedule for Trustees; however, there are not any written guidelines regarding guardian fees. In order to assist the Court in determining the reasonableness of the fees, it is necessary for each billing entry to be put into one of these categories and to include a detailed description of the service provided for the fee.

(3) The guardian is responsible for the personal affairs of the incapacitated person, including responsibility for making decisions regarding the support, care, health, safety, habilitation, therapeutic treatment, and residence. § 37.2-1000, Code of Virginia (2006). Accordingly, the guardian is responsible for providing decision-making services that require professional skill and judgment and not for providing services for which its professional skill or judgment is not required.

The orders in these cases that allow for NMP to charge its usual hourly rates also specify that these rates are charged for *professional* services. Several of the services NMP provided in its role as guardian appear to be services for which no legal professional skill or judgment was required. These services should have been outsourced to an appropriate commercial service provider who would have charged an hourly rate commensurate with the type and level of service provided. Should NMP choose to take on such services, it has the fiduciary duty to bill the services at an hourly market rate comparable to those charged by commercial service providers. Simply billing at the paralegal or legal assistant rate is insufficient because it may be considerably higher than the market rate for such services. While Virginia law does not forbid a fiduciary from performing such services, if a fiduciary charges rates significantly higher than the market rate for the services, the fiduciary fails to manage the estate in a prudent manner. *In re Estate of Beulah Mae Stokes*, 37 Va. Cir. 3 (Warren County 1995). Furthermore, by performing services for the ward that do not require professional judgment or expertise, the fiduciary is subjecting itself to conflicting duties or exposing it to the temptation of acting contrary to the best interests of the ward. *Rowland v. Kable*, 174 Va. 343, 6 S.E.2d 633 (1940).

## Conclusion

In accordance with the above principles, NMP is directed to provide a thorough breakdown of each service provided in these cases, as well as a detailed description of the services. NMP shall identify which of the services were provided for legal, trustee (if applicable), conservator, or guardian services and shall indicate who performed the service and at what hourly

rate. The Court asks that this information be provided on or before April 16, 2012. After the Court has received the itemized billing statements, it will review each of these cases individually to determine the reasonableness of the fees charged by NMP.

*Amended Order*

This matter came before the Court on the Reports of the Commissioner of Accounts filed by the Commissioner of Accounts, John H. Rust, Jr., on the Exceptions to the Reports of the Commissioner of Accounts filed by Needham, Mitnick & Pollack, P.L.C., on the Consolidated Report and Recommendations of the Guardian *ad Litem* filed by Aaron S. Book, and on the evidence presented at trial. It is adjudged, ordered, and decreed that, for the reasons set forth in the Court's letter opinion entered on this date and incorporated herein, Needham, Mitnick & Pollack, P.L.C., shall provide the itemized billing statements in the above-referenced cases on or before April 16, 2012.